IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ISABEL PINEDA; SANTIAGO SALVADOR NORIO,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITIMORTGAGE, INC.; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 12-0998-SC<br><br>ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS |

## I.   INTRODUCTION

Plaintiffs Ana Isabel Pineda ("Pineda") and Santiago Salvador Norio (collectively, "Plaintiffs") filed this action in California Superior Court in connection with the threatened foreclosure of their home. Plaintiffs allege that Defendant CitiMortgage, Inc. ("Defendant") violated various California laws when it refused to offer Plaintiffs a permanent loan modification. After the action was filed, Defendant removed it to federal court. Now Plaintiffs move to remand the case back to state court and Defendant moves to dismiss the action in its entirety. ECF Nos. 13 ("MTR"), 22 ("MTD"). These motions are fully briefed. ECF Nos. 19 ("MTR Opp'n"), 20 ("MTR Reply"), 24 ("MTD Opp'n"), 26 ("MTD Reply"). The Court finds these matters appropriate for disposition without oral argument. As detailed below, the Court DENIES Plaintiffs' Motion to Remand and GRANTS Defendant's Motion to Dismiss.

## II. BACKGROUND

According to the Complaint Plaintiffs filed in state court, Defendant is a New York corporation which maintains offices in California and Plaintiffs are residents of San Francisco, California. ECF No. 1 ("Not. of Removal") Ex. 1 ("Compl."). The First Amended Complaint, which was filed in federal court and is substantially similar to the Complaint, alleges that Plaintiffs obtained a $417,000 loan from Defendant to refinance their San Francisco home in January 2008. ECF Nos. 14 ("FAC") ¶ 15; 23 ("RJN") Ex. H.

Plaintiffs' claims arise from their attempt to obtain a loan modification from Defendant. Plaintiffs allege that, on December 1, 2009, they entered into a Home Affordable Modification Trial Period Plan ("the Plan") that required Defendant to provide them with a loan modification so long as certain conditions were met. FAC ¶ 16. The Court takes judicial notice of the Plan, which is attached to Defendant's Request for Judicial Notice.[1] RJN Ex. A ("Plan"). It is unclear whether Defendant executed the Plan as it is only signed and dated by Pineda. See id.

The Plan required Plaintiffs to make three trial period payments of $1,200 in late 2009 and early 2010. Id. § 2. The Plan states: "If I [Pineda] am in compliance with this Trial Period Plan . . . then my lender [Defendant] will provide me with a Home Affordable Modification Agreement." Id. § 1. As Defendant points

---

[1] Plaintiffs state the Plan is attached to the FAC as Exhibit A, FAC ¶ 16, but they filed no such exhibit with the Court. The Court may take judicial notice of the Plan since Plaintiffs' claims depend on its contents and the parties do not dispute its authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

2

out, the Plan did not offer a guarantee of a loan modification. Section 2.F of the Plan provides: "If[,] prior to the Modification Effective Date, . . . the Lender does not provide me with a fully executed copy of this Plan and the Modification Agreement . . . the Loan Documents will not be modified and this plan will terminate." Id. § 2.F. Similarly, Section 2.G provides:

> [T]his Plan is not a modification of the Loan Documents and [] the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. . . . [T]he Lender will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that I do not qualify or if I fail to meet any one of the requirements under this Plan.

Id. § 2.G.

Plaintiffs allege that they satisfied their obligations under the terms of the Plan by making the three required monthly payments, along with another seven payments later demanded by Defendant; submitting the required documents; and following Defendant's directions. FAC ¶¶ 20, 27. Plaintiffs allege that Defendant breached the Plan by failing to provide them with a permanent loan modification as promised and agreed. Id. ¶ 23.

On September 30, 2010, Defendant's agent executed a Notice of Default and Election to Sell Under Deed of Trust. RJN Ex. K ("NOD"). According to the NOD, Plaintiffs were in arrears on their loan in the amount of $23,427.80. Id. Plaintiffs dispute the accuracy of the NOD, alleging that they satisfied their obligations under the loan by tendering the monthly installments due under the Plan. FAC ¶ 30. On January 5, 2011, the substituted trustee on

the loan executed and recorded a Notice of Trustee's Sale. RJN Ex. L. That notice expired and another was executed and recorded on January 23, 2012. RJN Ex. M. The trustee's sale was scheduled for February 14, 2012. Id. According to the Notice of Removal, the trustee's sale proceeded as planned and Plaintiffs' property was sold for $251,000. Not. of Removal ¶ 15. Plaintiffs, on the other hand, contend that the "the sale of the Subject Property has not taken place." MTD Opp'n at 5. The pleadings are silent on the matter and neither party has submitted evidence on the issue.[2]

On February 10, 2012, Plaintiffs filed the instant action in the Superior Court of the State of California in and for the County of San Francisco. The Complaint asserted five causes of action: (1) breach of contract; (2) promissory estoppel; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; and (5) fraud. Compl. ¶ 26-86. In their prayer, Plaintiffs sought compensatory damages, special damages, general damages, treble damages, and attorney's fees and cost. Compl. at 14. Plaintiffs also asked for a number of other remedies. As part of their breach of contract claim, Plaintiffs sought a judgment "commanding specific performance by Defendant CITI of the obligations set out in the [Plan]." Id. ¶ 36. Additionally, in their UCL claim, Plaintiffs sought "an Order of the Court declaring that the acts of [Defendant] alleged herein [sic] Plaintiffs and the Subject Property are fraudulent,

---

[2] Whether the trustee's sale took place is ultimately irrelevant to the Court's decision here. Nevertheless, it is disturbing that one of the parties has misstated such a straightforward fact. The Court reminds the parties of their Rule 11 obligations. See Fed. R. Civ. P. 11(b)(3).

4

inequitable, [and] statutorily defective . . . and therefore void and without further effect." Id. ¶ 70.

On February 28, 2012, Defendant removed the action to federal court on diversity grounds. In its Notice of Removal, Defendant argues that the amount in controversy exceeds the $75,000 jurisdictional minimum because the loan encumbering Plaintiffs' property had a principal amount of $417,000 and the property was sold for $251,000. Not. of Removal ¶ 15. On March 28, 2012, Plaintiffs amended the Complaint and filed their Motion to Remand. The FAC asserts the same five causes of action as the initial Complaint, but the remedies sought are different. Unlike the Complaint, the FAC does not seek declaratory relief in connection with the alleged UCL violation. Defendant subsequently brought its Motion to Dismiss the FAC.

**III. DISCUSSION**

    **A.    Plaintiffs' Motion to Remand**

A district court's subject matter jurisdiction is determined on the basis of the complaint at time of removal, not as subsequently amended. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). Accordingly, the Court looks to the Complaint rather than the FAC to determine whether it may properly exercise subject matter jurisdiction. Defendant bears the burden of showing that the Court had jurisdiction from the outset -- in other words, that removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The Court "strictly construe[s] the removal statute against removal jurisdiction," and "federal jurisdiction must be rejected if there

5

is any doubt as to the right of removal in the first instance." Id.

In this case, the relevant statutory provision is 28 U.S.C. § 1332(a), which provides that district courts have diversity jurisdiction over all civil actions between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Plaintiffs do not dispute that complete diversity of citizenship exists here, but argue that the amount in controversy requirement has not been met since no dollar amount appears on the face of the Complaint. MTR at 5.

Defendant bears the burden of showing by a preponderance of the evidence that more than $75,000 is in controversy. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). The Court finds that they have done so. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Where, as here, the purpose of an action is to halt or void the foreclosure of a property, then that property constitutes the object of the litigation. See Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973). Plaintiffs' property more than meets the $75,000 jurisdictional minimum. Plaintiffs refinanced the property for $417,000 and the property was purportedly sold at a trustee's sale for $251,000. See Not. of Removal ¶ 15.

Plaintiffs argue that amount in controversy should not be measured by the value of the property since they are not seeking

declaratory or injunctive relief. Plaintiffs' argument is belied by their own pleading. In the Complaint, Plaintiffs sought an order "declaring that the acts of [Defendant] alleged herein [regarding] Plaintiffs and the Subject Property are fraudulent, inequitable, statutorily defective and contrary to law, and therefore void and without further effect."[3] Compl. ¶ 70. In other words, Plaintiffs sought declaratory relief which would void Defendant's foreclosure proceedings. Plaintiffs also sought a judgment "commanding specific performance by Defendant [] of the obligations set forth in the [Plan]." Compl. ¶ 36. The Court could not possibly grant such relief without canceling the foreclosure proceedings and either voiding or enjoining the trustee's sale.

Thus, at least two claims asserted in the Complaint implicate Plaintiffs' right to the subject property. Because the value of that property exceeds the jurisdictional minimum, removal was proper. For these reasons, the Court DENIES Plaintiffs' Motion to Remand.

**B.   Defendant's Motion to Dismiss**

As the Court finds that it may retain jurisdiction over this action, it turns to Defendant's Motion to Dismiss. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

---

[3] The fact that this language was removed from the FAC is irrelevant since subject matter jurisdiction is determined on the basis of the complaint at time of removal. See Sparta, 159 F.3d at 1213.

7

under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 663. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

    Defendant argues that each of Plaintiffs' claims fail because the terms of the Plan did not guarantee Plaintiffs a permanent loan modification. MTD at 4-8. Plaintiffs respond that the Plan did make such a guarantee, pointing to Section 1, which states that "[i]f you [Plaintiffs] complete the trial period successfully, we [Defendant] will offer you a modification of your loan." Opp'n at 7. Plaintiffs contend that they successfully completed the trial period by making the three monthly payments required by the Plan. Id.

    The Court agrees with Defendant and finds that the Plan did not obligate Defendant to offer Plaintiffs a permanent loan modification. Plaintiffs' reading of the Plan completely ignores Section 2, which expressly states that: the Plan "is not a modification of the Loan"; "[Defendant] will not be obligated or bound to make any modification" if "[Defendant] determines that [Plaintiff] do[es] not qualify"; and the loan will not be modified if Defendant does not provide Plaintiffs with an executed

8

"Modification Agreement." Plan §§ 2.F-G. Thus, Defendant agreed to consider Plaintiffs' request for a loan modification, but it did not agree to provide one. Contrary to Plaintiffs' assertions, their tender of three $1,200 loan payments did not obligate Defendant to provide a permanent loan modification. Other conditions needed to be satisfied, including the execution of a Modification Agreement. Plaintiffs have not alleged that this agreement was ever executed. Further, the Plan gave Defendant the discretion to determine whether Plaintiffs qualified for a loan modification. There is no indication that Defendant reached such a determination.

Accordingly, Plaintiffs cannot point to a statement or binding promise that could serve as the basis for any of their claims. Plaintiffs cannot state a claim for breach of contract since they fail to allege that Defendant promised to provide them with a permanent loan modification. Likewise, Plaintiffs cannot state a claim for promissory estoppel since they have not alleged a "clear and unambiguous promise." See US Ecology, Inc. v. State of California, 129 Cal. App. 4th 887, 901 (Cal. Ct. App. 2005). As to Plaintiffs' third claim, "the implied covenant [of good faith and fair dealing] will only be recognized to further the contract's purpose." Wolf v. Walt Disney Pictures & Television, 162 Cal. App. 4th 1107, 1120 (Cal. Ct. App. 2008). Since there was no binding contract to provide a loan modification, there can be no breach of the implied covenant. The "deceptive business practice" that is the basis for Plaintiffs' UCL claim is Defendant's alleged refusal to honor the terms of the Plan and offer Plaintiffs a loan modification. See FAC ¶ 76. However, as the Plan did not require

1  Defendant to modify Plaintiffs' loan, this UCL claim cannot
2  possibly succeed.  Plaintiffs' fraud claim is also predicated on
3  the allegation that Defendant made a "clear and unambiguous
4  promise" to modify Plaintiffs' loan.  Id. ¶ 88.  This claim fails
5  for the same reasons as the others.
6      As Defendant points out, other courts have reached the same
7  conclusion when faced with practically identical trial period
8  plans.  See Grill v. BAC Home Loans Servicing LP, 10-CV-03057-FCD
9  GGH, 2011 WL 127891, at *4 (E.D. Cal. Jan. 14, 2011) ("[A] binding
10 modification would not result unless and until [defendant]
11 determined that plaintiff complied with the requirements."); Vida
12 v. OneWest Bank, F.S.B., No. CIV. 10-987-AC, 2010 WL 5148473, at *6
13 (D. Or. Dec. 13, 2010) ("The Trial Period Plan is explicitly not an
14 enforceable offer for loan modification.").  Plaintiffs argue that
15 this authority is distinguishable since the "borrowers in those
16 cases . . . did not receive an executed permanent modification
17 agreement."  MTD Opp'n at 4.  This is a similarity, not a
18 distinction.  There is no indication that Plaintiffs received an
19 executed permanent modification agreement either.
20     For these reasons, the Court GRANTS Defendant's Motion to
21 Dismiss.  The Court finds that amendment would be futile since the
22 agreement underlying Plaintiffs' claims clearly does not obligate
23 Defendant to offer a loan modification.  Accordingly, dismissal is
24 WITH PREJUDICE.

**IV. CONCLUSION**

27     For the reasons set forth above, the Court DENIES Plaintiffs
28 Ana Isabel Pineda and Santiago Salvador Norio's Motion to Remand.

10

1  Further, the Court GRANTS Defendant CitiMortgage, Inc.'s Motion to
2  Dismiss and DIMISSES WITH PREJUDICE Plaintiffs' claims in their
3  entirety.

5      IT IS SO ORDERED.



7      Dated: June 8, 2012
8                                     UNITED STATES DISTRICT JUDGE